# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.

ROBERT JAY BERMAN

Case Number. 8:14-cr-367-T-17AEP
USM Number: 61065-018

Adam Benjamin Allen, FPD

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Superseding Information. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1470 | Attempted Transfer of Obscene Material to a Minor | February 14, 2014 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The underlying Indictment is dismissed on government's motion.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

July 28, 2017

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

August 11, 2017

Robert Jay Berman
8:14-cr-367-T-17AEP

# PROBATION

The defendant is hereby placed on probation for a term of **FIVE (5) YEARS subject to reconsideration of the term after completion of three years** as to Count One of the Superseding Information.

Due to the defendant's medical condition, the Court will not impose community service.

While on probation, the defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirement of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least TEN (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

Robert Jay Berman
8:14-cr-367-T-17AEP

## ADDITIONAL CONDITIONS OF PROBATION

1. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. IF REQUIRED, following an appropriate mental health assessment by a mental health treatment provider and recommended as an appropriate treatment for the defendant, the defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. The defendant shall follow the probation officer's directions regarding the implementation of this Court directive. Further, the defendant shall contribute to the costs of such treatment and/or polygraphs, not to exceed an amount determined reasonable by the Probation Officer based on Defendant's ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3. IF REQUIRED, the defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your probation officer.

4. IF REQUIRED, the probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

6. The defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

7. The defendant is prohibited from possessing any computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable to connecting to an online service or an internet service provider UNLESS such device has been made known to the Probation Officer and the Probation Office has been provided the opportunity, if it deems appropriate, to install appropriate online tracking and monitoring software. The defendant must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than is necessary to ensure compliance with this condition. The defendant is prohibited from accessing any computers or devices at a public library, an internet café, defendant's place of employment, an educational facility or of any other third party's computer or devices without prior approval of his probation officer.

8. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

9. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

10. The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Robert Jay Berman
8:14-cr-367-T-17AEP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $100.00 | N/A | Waived | N/A |

# SCHEDULE OF PAYMENTS

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Final Judgment of Forfeiture, that are subject to forfeiture.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-cr-367-T-17AEP

ROBERT JAY BERMAN

## FINAL JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court upon the United States' Motion for a Final Judgment of Forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, for the Samsung SPH-L720 Galaxy S IV Smartphone.

On February 2, 2017, the Court entered a Preliminary Order of Forfeiture for the asset described above, pursuant to 18 U.S.C. § 1467. Doc. 92.

The Court finds that in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the asset on the official government website, www.forfeiture.gov, from February 3, 2017 through March 4, 2017. Doc. 93. The publication gave notice to all third parties with a legal interest in the asset to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North

CASE NO. 8:14-CR-367-T-17AEP

Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interests within 60 days of the first date of publication. No one has filed a petition or claimed an interest in the asset, and the time for filing such petition has expired.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), all right, title and interest in the asset identified above is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the asset is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 10th day of April, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE